DAVIS, ADMINISTRATOR *cum tes.* OF WARDNER'S ESTATE, *v.* WIND-SOR SAVINGS BANK.*

*Competency of Witness under s.* 24, *c.* 36, *Gen. Sts. Evidence.*

A party to a contract in issue and on trial, but who is not a party to the record, is not a competent witness to such contract, the other party thereto being dead.

The testator's sister deposited money in defendant bank to the testator's credit, and subsequently drew it out under such circumstances that her right to do so depended on contract between her and the testator. In a suit against the bank by the testator's administrator *cum tes.*, for the recovery of said money, it was *held* that plaintiff might show anything against the bank that he could against the sister had she been defendant, and by the same means and method of proof; and that her written declarations might be shown by the production of the writing and proof of her handwriting, without calling her as a witness.

Defendant claimed that said money really belonged to the testator's sister, but was deposited in the testator's name to prevent its being taken on her husband's debts. *Held,* that plaintiff might show, to rebut this claim, that she had money in the bank at the same time deposited in her own name.

ASSUMPSIT. Plea, the general issue and notice. Trial by jury, and verdict for plaintiff, May Term, 1875, BARRETT, J., presiding.

The only claim made by plaintiff was to recover the sum of $144.50 and interest. The evidence tended to show that on July 11, 1865, Mrs. Mary Dudley, sister of the testator, deposited in the defendant bank $72, on Oct. 11, 1865, $62.50, and on Oct. 17, 1865, $10, in the name of the testator, and the same was entered to his credit on the deposit ledger of said bank, and was so entered in a pass book called "depositor's book," No. 2490,

*s. c. 46 Vt. 728.

which was delivered to Mrs. Dudley at the time of making the first of said deposits. The evidence tended to show that the money thus deposited had been received by Mrs. Dudley for rents of buildings in Windsor owned by the testator, and of which she had charge as agent of her said brother, who lived in Panama, where he died on the 31st of October, 1865, leaving a will, whereby all his property was disposed of to persons other than Mrs. Dudley, and which was duly probated, and the plaintiff duly appointed administrator with the will annexed. After his appointment, plaintiff duly demanded the money thus deposited, which defendant refused to pay to him, and he brought this suit to recover the same.

It was claimed, and the evidence in defence tended to show, that defendant had on the 4th of December, 1865, upon the call of Mrs. Dudley, and the presentation and surrender of said deposit book, paid over said deposit to her and taken up said book, and taken her receipt for the money, and that notwithstanding the death of her said brother, she had such an interest and right in said money as entitled her to receive the same of the bank as aforesaid, in discharge of its liability for the same. It was conceded that unless she had such interest and right, said payment to her was not a defence to this suit. To prove such interest and right, the defendant relied on four letters from the testator to Mrs. Dudley, written in 1859 and 1860, which were produced, and upon the contents of other letters which were lost, as defendant's evidence tended to prove, and upon transactions by Mrs. Dudley and her husband, Geo. W. Dudley, acting as agent for her said brother in the collection of rents from, and making repairs and payment of taxes upon, the real estate of the testator in Windsor, and in the charge, care, and management for several years of his said real estate, shown by other evidence. Said real estate became the property of the testator under the provisions of the will of his father, Shubael Wardner, who died in 1859, and said Geo. W. Dudley, now deceased, was the executor of said Shubael Wardner's will, and on the 22d of October, 1862, rendered his administration account to the Probate Court for the district of Windsor. Said real estate consisted of a dwelling-house and

out-buildings, a store rented to White & Tuxbury, and a bank building.

The defendant called Mrs. Dudley as a witness, and proposed to prove by her, in substance, the handwriting of said four letters, the receipt of said lost letters, and their loss and contents, and said transactions in and about the care and management of the said estate as aforesaid. The plaintiff objected to her competency. The objection was sustained, and she was not permitted to testify. Defendant excepted. Defendant's evidence tended to prove that the rents so collected, including the sums included in said deposit book, had been wholly used for the purpose of reimbursing Mrs. Dudley and her husband for expenditures in making said repairs and paying said taxes.

The plaintiff, in rebuttal, claimed and gave evidence tending to. prove, that Mrs. Dudley and her husband had been fully paid for all said expenditures prior to July, 1865 ; and among other evidence on that issue, the defendant gave in evidence a written order, or letter of attorney, dated Panama, Oct. 3, 1862, whereby the testator requested the Probate Court for the district of Windsor, in the settlement of the said Geo. W. Dudley's account as executor of Shubael Wardner's will, to order his share of the personal estate, and the rents on the real estate above repairs, to be paid to Mrs. Dudley, his attorney appointed for that purpose ; which should be a sufficient accounting. The plaintiff offered in evidence a duly certified copy from the records of said Probate Court, of the administration account rendered and settled before said court by said George, executor as aforesaid, to the admission of which defendant objected, but the court overruled the objection and admitted the same ; to which defendant excepted.

The plaintiff also in rebuttal offered in evidence a letter dated Sept. 4, with an envelope enclosing the same, and gave evidence that said letter, down to the words, " Dear Uncle Fred." was in the handwriting of Mrs. Dudley, and the remainder of the letter and the superscription on the envelope, in the handwriting of her daughter Hattie, who was a witness and testified in behalf of defendant on the trial ; and the plaintiff, to fix the year in which said letter was written, proved that the " Martha Wardner " re-

ferred to in said letter, was married in 1865, and further proved that the letter was sent to the plaintiff from Panama soon after the death of the testator.

WINDSOR, Sept. 4.

*My ever Dear Brother :* What does it mean that you do not write to me ? It is more than a year since you last wrote me, and I am feeling quite disturbed. I am afraid you do not think your affairs here are managed as you would do it yourself. You know until this year the necessary repairs and enormous taxes took the rents. Last June I paid seventy odd dollars for taxes, and put the remainder of the rents, which was seventy-two dollars, in the savings bank in your name. Mr. Sterns says he is afraid the Jan. tax will be more, but the surplus rent will be placed in the bank for you. We have tried to raise the rents, but W. & T. would vacate the store and build, rather than pay more rent, and business is dull here now. * * * * Martha Wardner, uncle Allen's youngest daughter, was married a few weeks since.

* * * * * * *

*Dear Uncle Fred :*  *  *  *  *  *

(Signed) HATTIE.

To the admission of said letter in evidence, and to the giving of evidence to prove that said letter down to the words, " Dear Uncle Fred.," was in the handwriting of Mrs. Dudley, who was present in court, the defendant objected ; but the court overruled the objection and admitted the same in evidence ; to which defendant excepted.

The defendant claimed in defence, and gave evidence tending to prove, that the reason Mrs. Dudley made said deposits in the name of her brother was, that her husband was then largely indebted and in insolvent circumstances, and to prevent the same being taken by the trustee process by the creditors of said George ; but the plaintiff in rebuttal claimed that this was mere pretence, and offered in evidence from the depositors' ledger of said bank, an entry showing that Mrs. Dudley then had deposited to her own credit in said bank a large sum of money, which she permitted to remain standing to her credit until long after the transaction as to the deposits in suit on the 4th of December, 1865. To its admission in evidence the defendant objected ; but the court overruled the objection and admitted the same ; to which defendant excepted.

It appeared in evidence that Hiram Harlow was special administrator of the estate of the testator, and acted in that capacity during the delay occasioned by an appeal from the allowance of his will, and that upon the probate of said will and the appointment of plaintiff as administrator, he settled his administration account before the Probate Court, and passed the funds in his hands over to plaintiff. The case was given to the jury on a charge in all respects satisfactory to the defendant.

*Julius Converse* and *Norman Paul*, for defendant.

The testimony of Mrs. Dudley should have been received ; she was in no sense a party to the suit, nor to any issues that were raised on the trial. The offer was to show by her testimony the relation she sustained to the funds she deposited in the bank in the name of her brother, and the character of the transaction with the bank. For this purpose she was a competent witness under the statute. Gen. Sts. p. 327, s 24. She was competent to testify in relation to her interest in the property and rents which came into her hands, and to the character of her agency. These were matters collateral to the issue on trial. When one of the parties to a contract is dead, if such contract is introduced on the trial of the case as a collateral fact to the main issue, the living party may testify in regard to said contract. *Morse* v. *Low*, 44 Vt. 561 ; *Cole* v. *Shurtleff*, 41 Vt. 311 ; *Manufacturers' Bank* v. *Scofield*, 39 Vt. 590.

The letter of Sept. 4th was improperly received as evidence. It was a writing incomplete. Standing by itself, it did not prove anything, as it was wanting both in date and signature, and there was no evidence that it was ever seen by any one except the writers ; and no sufficient proof that it was ever received by the testator, or that he ever knew the contents of it. 1 Greenl. Ev. s. 52. Mrs. Dudley being present in court, the plaintiff was not authorized to introduce said letter in evidence till he had proved its authenticity by the writer herself. 4 U. S. Digest, 685. Proof of the handwriting of an instrument by the writer is the best of evidence and primary in character. This rule is never so far relaxed as to allow hearsay or other secondary evidence. 4 Wash.

Davis, admr. *v.* Windsor Savings Bank.

C. C. 519 ; 1 Phil. Ev. 567, 571 ; *Williams* v. *East India Co.* 3 East, 192. The letter purports to have been written by the agent to her principal. Such communications are never admissible. *Framingham Manufacturing Co.* v. *Barnard*, 2 Pick. 532. The letter, at most, was a memorandum of the declarations of the agent to her principal when the other party was not present. They constitute no part of the *res gestæ*, and are not admissible in evidence for any purpose. *Elkins* v. *Hamilton*, 20 Vt. 627 ; *Underwood* v. *Hart*, 23 Vt. 120 ; *Barnard* v. *Henry*, 25 Vt. 289 ; *Smith* v. *Webb*, 1 Barb. 230 ; *Luby and Wife* v. *Hudson River R. R. Co.* 17 N. Y. 131 ; *Fillo, exr.* v. *Jones*, 4 Keyes, (N. Y.) 328. The books of the defendant bank could not be used as evidence only so far as they related to the suit on trial. Mrs. Dudley's private dealings with the bank could not be shown.

*Gilbert A. Davis, pro se.*

The incompetency of Mrs. Dudley as a witness, has been settled by the decision of this court at a former hearing.

The account of George W. Dudley as executor of the will of Shubael Wardner, was properly admitted in evidence, as will be seen on the examination of the issues.

The letter of Sept. 4, with proof of Mrs. Dudley's handwriting, in connection with the other proofs in the case, was properly admitted in evidence. The bank based its defence on Mrs. Dudley's title to the money in controversy. Her admissions, then, became admissible on the ground of the *privity* existing between her and the bank ; and it is of no consequence whether the declarant is living or not, or whether she was called as a witness or not. *Ival* v. *Leach*, 1 Taunt. 142 ; 1 Phil. Ev. (4th Amer. ed.) 314, 322, 323, 324, 325, 326, 328, 526, 530, and cases cited ; *Waring* v. *Warren*, 1 Johns. 340 ; *Haywood Rubber Co.* v. *Duncklee*, 30 Vt. 39 ; *Alger* v. *Andrews & Baldwin*, 47 Vt. 238, overruling *Hines* v. *Soule*, 14 Vt. 99 ; *Gibblehouse* v. *Strong*, 3 Rawle, 437 ; *Coster* v. *Symons*, 1 C. & P. 148 ; *Miller* v. *Brigham*, 29 Vt. 82 ; *Miller* v. *Wood*, 44 Vt. 378 ; *Downs* v. *Belden*, 46 Vt. 674 ; *Wheeler* v. *Wheeler's Estate*, 47 Vt. 637 ; 1 Greenl. Ev. ss. 189, 191 ; *Raymond* v. *Howland*, 17 Wend. 390, 391.

68

The entries in the depositors' ledger, showing deposits standing to the credit of Mrs. Dudley, were pertinent evidence to disprove the pretended reason given by defendant for Mrs. Dudley's depositing the money to the credit of her brother.

The opinion of the court was delivered by

Ross, J. The defence in this case rests upon the payment of the deposit, which stood to the credit of the testator, to Mrs. Mary Dudley. The decease of the testator before that payment was made, revoked all right in Mrs. Dudley to demand and receive the amount deposited to his credit, by virtue of any agency to that end created in her by the testator. To justify that payment, the defendant must show that Mrs. Dudley, in her own right, could demand and enforce payment of the deposit to her. If she had that right, she must have acquired it from the testator by virtue of some contract. Such contract, whatever it might be, was the contract in issue and on trial. It is not a contract collateral to the one in issue, and on trial. One of the parties to such contract having deceased, and this suit being prosecuted by his administrator, Mrs Dudley, the other party thereto, is excluded from being a witness touching any matter relating to that contract which happened prior to the appointment of the administrator. This was held in this case by this court one year ago. We have no doubt as to the correctness of that decision ; but if we had, by repeated decisions of this court, it would be the law of this case.

The defence thus resting solely upon the right of Mrs. Dudley, the plaintiff could show against the defendant, in opposition to the defence, anything which he could against Mrs. Dudley if she were the actual defendant. Any declaration, oral or written, made by her, which tended to show that she had no right to demand and receive the money deposited, could be shown as well against the defendant as against her, and by the same kind and method of proof. By paying money which stood on its books credited to the testator to Mrs. Dudley, the defendant acquired no enlargement of her right to receive it, and gained no immunity in reference to the introduction of evidence which has a tendency to limit or

take away her right to receive the money. The defendant does not stand as a privy or successor to Mrs. Dudley's right, but on her right to receive the money. When therefore the defendant gave evidence tending to show that Mrs. Dudley held this money coming from the rents of the testator's property, with the right to apply the same in payment for repairs and taxes on that property, the plaintiff had the right to show from his administration account as executor of Shubael Wardner's will, that to a certain date, all such repairs and taxes on that property had been paid, and also to show by Mrs. Dudley's declaration in her letter of Sept. 4th, addressed to the testator, that a part of this deposit money was the surplus from the rents of the testator's property, after paying for the repairs and taxes. If this had been a spoken instead of a written declaration, it is conceded that it could be proved by any person who heard it, without calling Mrs Dudley as a witness. We are unable to see how the principle is changed from the fact that the declaration is reduced to writing. When reduced to writing, the exact declaration is made certain; when spoken, the memory of the witness must be depended upon for the exact declaration; and hence an element of uncertainty is introduced. Nor are we able to comprehend the force of the objection to proving that the declaration was made by Mrs. Dudley, by showing that it was in her handwriting, that it purported to come from her; was addressed to the testator, and found among his papers at his decease. No reason exists that we can discover, why the plaintiff should be obliged to call her to prove her declarations when reduced to writing, which does not apply with equal force when they are spoken. If the plaintiff fails to show to the satisfaction of the jury that she made the declaration claimed, whether written or spoken, he takes nothing by his proof. To establish that she made the declaration limiting or denying her right to receive the money, any legitimate proof was open to the plaintiff. We know of no rule of law that restricts a party to a particular kind of proof to establish such declarations. We think the letter was properly allowed to go to the jury. There was evidence tending to show that Mrs. Dudley wrote herself the first part of the letter, and caused it to be sent to the testator, and that part

of the letter, if believed, tended to show that a portion of the deposit in controversy arose from the surplus of the rents from the testator's property after the repairs and taxes had been paid.

The fact that the money was deposited by Mrs. Dudley to the credit of the testator, tended to show that it was the property of the testator, discharged from any right in Mrs. Dudley to withdraw it for the purpose of paying for repairs and taxes, as claimed by the defendant. This was the presumption which arose from the deposit having been made by her to the credit of the testator. To rebut this, the defendant made the claim and gave evidence to the effect that Mr. Dudley was in embarrassed circumstances, and that Mrs. Dudley feared if she deposited the money in her own name, it would be attached on her husband's debts, and she thereby be put to trouble about it. To prove that this claim made by the defendant was without foundation, we think the court properly allowed the plaintiff to show that Mrs. Dudley's conduct was inconsistent with such claim, in that at the time of making this deposit she had a deposit with the defendant in her own name, exposed to the same danger from her husband's creditors which she apprehended might befall this if made in her name. If it was allowable for the defendant to set up this claim, the plaintiff had the right to meet and rebut it by any evidence having a legal tendency in that direction. The defendant's ledger showing such a deposit to the credit of Mrs. Dudley, we think, had that tendency, and was properly admitted by the County Court.

Judgment affirmed.